FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION   16 DEC -6 AM II: 42

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

BILLY RAY KIDWELL,
        Plaintiff

v.

FLORIDA COMMISSION ON HUMAN
RELATIONS, ET AL,
        Defendant(s)

Case No. 2:16-CV-403-FtM-99CM

## MOTION FOR APPOINTMENT OF COUNSEL TO PROTECT PERSONAL LIBERTY OF PLAINTIFF, PROVIDE DUE PROCESS, AND PROTECT RIGHTS OF OVER FOUR MILLION (4,000,000) DISABLED PERSONS IN FLORIDA

### I. The Massive Public Importance of Appointing Counsel in this Case

Plaintiff, *Billy Ray Kidwell*, brings this Motion for Appointment of Counsel on behalf of himself, *and over four million (4,000,000) Disabled Adults in Florida*, that although not named as a party in this case, will be directly affected by the outcome of this lawsuit. [Emphasis added that over 4,000,000 of the disabled in Florida are directly affected by this lawsuit.]

This lawsuit is of Great Public Importance because it addresses several major Disability Issues, including two that have not been clearly decided by the Courts, which affect every disabled person in Florida, estimated to be at over four million (4,000,000) Disabled Adults.

-1-

***II. This Case Determines the Due Process Rights of Four Million
(4,000,000) Disabled Adults Before the Florida Commission on
Human Relations***

This lawsuit seeks to have the State Agency entrusted with
protecting the rights of the disabled, the Florida Commission on
Human Relations[1], which is also a Quasi-Judicial Agency, since
the disabled are required by State Statute to exhaust the State
Agency Process before filing suit in State Court, provide a
fair, and honest, process for the Disabled.

Plaintiff further seeks for this Court to require the State
Agency, the F.C.H.R., *a Public Entity*, to fully comply with
Title II of the Americans with Disabilities Act, by providing a
Disability Coordinator, *as required by the Rules set by the
Attorney General of the United States*, and require the F.C.H.R.
to grant <u>Reasonable</u> Disability Accommodation Requests by the
disabled.

The decision in this case, *by this Court*, as to Plaintiff's
Request that the State Disability Complaint Process before the
F.C.H.R. be fair, and honest, will directly affect every
Disabled Person in Florida, which is estimated to be four
million (4,000,000) Disabled Adults.

The decision in this case, *by this Court*, as to Plaintiff's
Request that the Florida State Agency, the F.C.H.R., be required
to have a Disability Coordinator, and abide by Title II of the

_____

[1] The Florida Commission on Human Relations is hereinafter referred to as
simply the "F.C.H.R.".

ADA, will directly affect every Disabled Person in Florida, which is estimated to be four million (4,000,000) Disabled Adults.


**III. *This Case is of Great Public Importance, and Addresses the "Nexus Theory", the Eleventh Circuit Strongly Implied It Needs to Address in Access Now, Inc. v. Southwest Airlines, 385 F. 3d 1324***


Plaintiff's lawsuit also addresses an issue the Eleventh Circuit strongly implied, in Access Now, Inc. v. Southwest Airlines, 385 F. 3d 1324, needs to be addressed in the Eleventh Circuit, which is the "*nexus*" theory as to websites, which would require Internet Website to comply with the ADA, when there is a strong tie to a brick, and mortar, *as in this case.*

*In fact,* in this case the internet website is actually part of a brick, and mortar, Amusement Park which according to Title II is a Public Accommodation.

According to the statements of the Eleventh Circuit in Access Now, Inc. v. Southwest Airlines, 385 F. 3d 1324 a case such as this is of Great Public Importance to establish that under certain conditions, such as the Nexus Theory, and when the website is part of a brick, and mortar Amusement Park, *which is clearly a Public Accommodation,* that a website must be ADA compliant.

***IV. This Case is of Great Public Importance, because it Addresses the Issue of the Disabled Being Discriminated Against, by Public Accommodations Selectively Making their Facilities "Cost Prohibitive" to the Disabled***

This lawsuit also seeks to determine if Public Accommodations, *like the Defendant SeaWorld Entertainment, Inc.*, not wanting to allow the disabled to use their facilities, can block the disabled, by selectively make their accommodations "*Cost Prohibitive*" to the disabled.

***V. Should a Case, of Massive Public Importance, that Affects the Disability Rights of Over Four Million (4,000,000) Disabled Adults Be Prosecuted by a Frail, Elderly, Heavily Medicated, Deathly-Ill, Pro Se Litigant with No Formal Legal Training***

A case that provides relief to millions of "*Non-Parties*", and directly affects the Statutory Rights of millions of "*Non-Parties*", is far too important to allow an *Elderly, Heavily Medicated, Deathly-Ill, Pro Se Litigant* to proceed on his own.

Failure to appoint counsel in this case, under these circumstances, would violate the Constitutional Rights of the Millions of Disabled Adults in Florida, directly affected by this case.

## VI. *Plaintiff Cannot Afford Counsel, and Despite Extensive Efforts, Cannot Obtain Counsel*

Plaintiff, *Billy Ray Kidwell*, cannot afford counsel because of his poverty, and despite making extensive efforts to obtain counsel, has been unable to do so.

Plaintiff is on a fixed VA Disability Income, and cannot provide the necessaries of life to himself, and his family, and hire counsel.

Even if Plaintiff took the little amount of money his family has for food, and Plaintiff, and his family went hungry, like this Court made Plaintiff, and his family do to serve the Summons, and Complaint on the Defendant, SeaWorld Entertainment, Inc., Plaintiff cannot come up with enough money to even hire counsel for a day.

Plaintiff has written every Disability Rights Organization he could find on the internet and none responded.

Plaintiff has no means to obtain counsel.

## VII. *Appointment of an Attorney is Necessary to Protect the Personal Liberties of Plaintiff*

Appointment of Counsel by this Court is necessary to restore, and protect, the Personal Liberties of the Disabled ADA-Qualified Plaintiff, who is arbitrarily, and capriciously, <u>*and without any Due Process*</u>, being denied the freedom to merely sit

on a beach in Florida, and enjoy a sunset, because of his need for Service Animals.

Counsel is needed to restore, and protect, the Personal Liberties of the Disabled ADA-Qualified Plaintiff, who is sporadically arbitrarily, and capriciously, *and without any Due Process*, denied the freedom to shop for food in stores, a Basic Human Necessary, solely because Plaintiff is disabled, and needs the assistance of Service Animals.

The Appointment of Counsel by this Court is needed to restore, and protect, the Personal Liberties of the Disabled ADA-Qualified Plaintiff, who is sporadically arbitrarily, and capriciously, *and without any Due Process*, denied the freedom to use Public Accommodations, such as Amusement Facilities, and Theme Parks, or even go to a theater in a mall, because of Plaintiff's Disabilities requiring the assistance of Service Animals.

The Appointment of Counsel by this Court is needed to restore, and protect, the Personal Liberties of the Disabled ADA-Qualified Plaintiff, who is arbitrarily, and capriciously, *and without any Due Process*, denied "*Meaningful*" Access to the Florida State Agency, the Florida Commission on Human Relations.

The Appointment of Counsel by this Court is needed due to Florida State Agencies not complying with the ADA Rules posted by the United States Department of Justice, and the refusal of the FCHR to provide an ADA Disability Coordinator to resolve problems in accessing services of the State Agency, *the FCHR.*

The Appointment of Counsel by this Court is needed to restore, and protect, the Due Process Rights of over four million (4,000,000) Disabled ADA-Qualified Adults in Florida that are directly affected by this lawsuit, and whom will not have fair treatment, Due Process, or ADA Rights before the State Agency entrusted with protecting their rights, the F.C.H.R., unless this Court acts.

The Appointment of Counsel by this Court is needed to restore, and protect, the rights of every Disabled Combat Veteran in Florida, many without limbs, arms, or legs, that cannot sit on a beach in Florida because of their need for a Service Animal, and the policy of Florida Police to sporadically ban Disabled Veterans with Service Animals from Florida's Beaches.

The Appointment of Counsel by this Court is needed to restore, and protect, the rights of every Disabled Combat Veteran in Florida, many without limbs, arms, or legs, that cannot shop in a store, simply buy food, or enjoy a movie at a mall, because Public Accommodations in Florida sporadically refuse Disabled Veterans, *needing Service Animals*, entry to their facilities.

The Appointment of Counsel by this Court is needed to restore, and protect, the rights of every Disabled Combat Veteran in Florida, many without limbs, arms, or legs, that cannot go with their family to a Florida Theme Park, like Busch Gardens Tampa, because of being disabled and therefore being preyed upon by the Defendant, SeaWorld, who has a "*Policy*" of making their Theme Parks "*Cost Prohibitive*" to the disabled, in direct violation of the Americans with Disabilities Act.

The Appointment of Counsel by this Court is needed to restore, and protect, the rights of every Disabled Combat Veteran in Florida, many without limbs, arms, or legs, that cannot go with their family to a Florida Theme Park, *like Busch Gardens Tampa*, because of being disabled and needing a Service Animal, and being sporadically denied entry because of that need.

The Appointment of Counsel by this Court is needed to restore, and protect, the Personal Liberties of the Disabled ADA-Qualified Plaintiff, and over 4,000,000 Disabled Adults in Florida whom are arbitrarily, and capriciously, and without any Due Process, being denied *"Meaningful"* Access to Florida's Courts because of their disabilities, and the dishonest process before the Florida Commission on Human Relations.

The massive Personal Liberty Issue(s) in this case, such as the Eleven (11) Personal Liberty Issues described above, reach a Constitutional Level, requiring that Counsel be appointed.

THEREFORE, Plaintiff prays that this Court appoint Adequate Counsel to reach a prompt, fair, decision on the Issues Described herein.

Plaintiff also seeks any other relief this Court deems to be fit, and proper.

Respectfully submitted,

December 4, 2016

Billy Ray Kidwell

## CERTIFICATE OF SERVICE

I, Billy Ray Kidwell, hereby certify that I have served a true and correct copy of the Attached on SeaWorld Attorney, Carie L. Hall, and on the Florida Commission on Human Relations, by placing a copy of same in the U.S. Mail addressed to:

Kenneth Wilson

Office of the Attorney General

501 E. Kennedy Blvd., Suite 1100

Tampa, Florida 33602

*and to:*

Attorney Carie L. Hall

Rumberger, Kirk, and Caldwell

100 North Tampa Street, Suite 2000

Post Office Box 3390

Tampa, Florida 33601-3390

On this the 4th day of December 2016.

_____     December 4, 2016

Billy Ray Kidwell

5064 Silver Bell Drive

Port Charlotte, FL. 33948

(941) 627-0433     Kidwell18@comcast.net